## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF TREQUELLE
TYREKE VANN-MARCOUEX,
by its Special Administrator
Debra Ann Vann,

      Plaintiff,

      v.                           Case No.: 19 CV 94

WOOD COUNTY,

      Defendants.

---

## COMPLAINT

---

NOW COMES THE PLAINTIFF, The Estate of Trequelle Tyreke Vann-Marcouex, by its Special Administrator Debra Ann Vann, by its attorneys, Gingras, Cates & Wachs by Dana J. Wachs and Paul A. Kinne, and hereby states the following as the Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1. This is a civil action under 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including but not limited to the Substantive Due Process Clause, brought to redress the defendant's deliberate indifference to a serious medical condition, namely suicide, at the Wood County Jail, that resulted in the death by suicide of Trequelle Tyreke Vann-Marcouex (Trequelle Vann).

### PARTIES

2. At all times relevant to this action, Trequelle Vann was an adult resident of the State of Wisconsin. He died on August 19, 2018. Accordingly, his estate, by Special Administrator

Debra Vann, is the proper plaintiff.

3. Wood County is a municipal corporation organized pursuant to the laws of the State of Wisconsin. Wood County operates the Wood County Jail.

## JURDISDICTION and VENUE

4. This court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. § 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343.

5. Venue in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 is proper insofar as the defendant is located in this district, and the events giving rise to the claim took place within this district.

## FACTUAL ALLEGATIONS

6. Wood County operates the Wood County Jail and is responsible for setting policies for the treatment of detainees.

7. Wood County is required to establish and implement policies and procedures designed to identify serious medical conditions from which detainees suffer, and it is required to establish and implement policies and procedures for the care and observation of detainees.

8. On or about August 2, 2018, Stevens Point police officers arrested Trequelle Vann and took him to the Wood County Jail where he remained until his injury.

9. Officials at the Wood County Jail knew that Trequelle Vann was suicidal.

10. In spite of this knowledge, Wood County personnel failed to monitor Trequelle Vann for suicide risk.

11. On or about August 15, 2018, Trequelle Vann hanged himself at the Wood County

Jail.

12.     Trequelle Vann died on August 19, 2018, as a result of injuries sustained from hanging on August 15.

13.     Wood County, as a matter of policy, failed to provide staff with adequate training in suicide risk recognition and prevention.

14.     Wood County, as a matter of policy, failed to provide sufficient staff to monitor prisoners known to be suicidal.

15.     Prior to Trequelle Vann's death, Wood County experienced multiple suicide attempts, at least some of which were completed by death.

16.     In response to these suicide acts, Wood County made no changes to policies designed to prevent future suicides, despite the knowledge that its policies were inadequate.

## CAUSE OF ACTION AGAINST WOOD COUNTY
## DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
## OFFICIAL CAPACITY CLAIM

17.     Plaintiff states the preceding paragraphs as if set forth fully herein.

18.     Wood County's knowing failure to have policies, procedures and / or protocols by which suicide risk could be identified and by which suicidal prisoners could be monitored for suicide prevention violated Trequelle Vann's rights as set forth in the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition (suicide).

19.     Wood County's conduct alleged in the previous paragraph caused Trequelle Vann severe and permanent physical, emotional, psychological and economic injuries, including death.

WHEREFORE, the plaintiff demands a trial by jury and the following relief:

1. Judgment in an amount sufficient to compensate the plaintiff for his injuries and losses;

2. Equitable relief designed to prevent future violations of the law;

3. Pre- and post-judgment interest;

4. An award of attorneys' fees and costs; and

5. Any other relief the Court deems just to award.

Dated this 5th day of February, 2019.

                              **GINGRAS CATES & WACHS LLP**
                              Attorneys for Plaintiff

                              *s/ Paul A. Kinne*
                              Paul A. Kinne
                              State Bar Number:   1021493
                              Dana J. Wachs
                              State Bar Number:   1009908

1850 Excelsior Drive
Madison, WI   53717
Phone:   (608) 833-2632
Fax:   (608) 833-2874
Email: kinne@gcwlawyers.com
Email: wachs@gcwlawyers.com